**DENIED and Opinion Filed November 16, 2023**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-01131-CV

### IN RE ROMAN J. CANTU, Relator

**Original Proceeding from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1970908**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Garcia

Before the Court is relator's November 9, 2023 petition for writ of mandamus.

Relator was adjudicated guilty of aggravated assault with a deadly weapon and sentenced to five years' confinement. Relator did not appeal the judgment. In his petition, relator argues the trial court has failed to rule on a nunc pro tunc motion that he purportedly filed on May 22, 2023, wherein he requested credit for 139 days of time served. We construe relator's petition as asking this Court to compel the trial court to reform the judgment to give him credit for time served.

To establish the right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig.

proceeding). Relator's petition, however, does not comply with the Texas Rules of Appellate Procedure in numerous respects. *See* TEX. R. APP. P. 52.3(a)–(c), (d)(1)–(3), (f)–(h), (j), (k)(1)(A), 52.7(a)(1). For example, a petition must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). A relator also bears the burden of providing the Court with a record sufficient to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Here, relator has failed to provide the required certification. TEX. R. APP. P. 52.3(j). Although relator attached some documents to his petition, none of the documents are sworn or certified copies. *See* TEX. R. APP. P. 52.3(k)(1)(A) (stating appendix must contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"), 52.7(a)(1) (stating a relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Accordingly, because relator's petition does not meet the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief, we deny relator's petition. *In re Jones*, No. 05-23-00492-CV, No. 05-23-00493, 2023 WL 4101440, at *1 (Tex. App.—Dallas June 21, 2023, orig. proceeding) (mem. op.).

–2–

Even if these defects did not exist, we would deny the petition. While we have jurisdiction to direct the trial court to exercise its discretion by ruling, we may not tell the trial court how to rule on a pending motion. *See In re Noble*, No. 05-23-00322-CV, 2023 WL 2910619, at *1 (Tex. App.—Dallas Apr. 12, 2023, orig. proceeding) (mem. op.).

Accordingly, we deny relator's petition for writ of mandamus.

/Dennise Garcia/
DENNISE GARCIA
231131F.P05                                    JUSTICE